**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4528**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

RODNEY W. WHITNEY,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:11-cr-00049-FDW-1)

Submitted:  June 9, 2015              Decided:  June 24, 2015

Before DUNCAN and KEENAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David G. Belser, BELSER & PARKE, Asheville, North Carolina, for Appellant.  Jill Westmoreland Rose, Acting United States Attorney, Leslie R. Caldwell, Assistant Attorney General, Sung-Hee Suh, Deputy Assistant Attorney General, Ellen R. Meltzer, Special Counsel, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney W. Whitney pled guilty pursuant to a plea agreement to conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. § 1349 (2012), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2012). He was sentenced to two concurrent terms of 60 months' imprisonment and ordered to pay restitution in the amount of $2,077,488.39. On appeal from the district court's June 2014 amended judgment, Whitney argues that trial counsel rendered ineffective assistance in failing to object to the district court's order of restitution and the application of a 2-level enhancement to his offense level under U.S. Sentencing Guidelines Manual § 3B1.1(c) (2011) for his aggravating role.

We decline to reach Whitney's claims of ineffective assistance of counsel. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims generally are not addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of

counsel, we conclude that these claims should be raised, if at all, in a § 2255 motion.

Accordingly, we affirm the district court's amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>